# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**LEYLIAN ARECES COMA,**

**Plaintiff,**

**v.**

**JAZMÍN OLIVA DE CUEBAS; ROBERTO HERNÁNDEZ ORSINI,**

**Defendants.**

**CIVIL NO. 16-1377 (GAG)**

## OPINION AND ORDER

Leylian Areces Coma ("Plaintiff") sued Dr. Jazmín Oliva de Cuebas and Dr. Roberto Hernández Orsini (collectively "Defendants") for injuries resulting from alleged negligent care afforded to Plaintiff by the Defendants. (Docket No. 21). Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332. Id.

Before the Court is Defendants' Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Docket No. 39) and Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Docket No. 52). Defendants contend that Plaintiff was domiciled in Puerto Rico at the time the Complaint was filed, and thus, the parties are not diverse. Id. Consequently, Defendants state that the Court lacks subject matter jurisdiction and Plaintiff's claims should be dismissed. Id.

## I. Relevant Factual Background

On March 4, 2016, Plaintiff filed the instant action. (Docket No. 1). At that time Plaintiff, she attended Lynn University in Florida for undergraduate studies. (Docket Nos. 39 at 8; 52 at 6). Plaintiff did not register to vote in Florida. (Docket Nos. 39 at 9; 52 at 7). During her time in Florida, Plaintiff maintained her Puerto Rico driver's license. (Docket Nos. 52 at 7; 39 at 8).

While studying, Plaintiff was financially supported by her parents, so she could focus her full efforts on her studies. (Docket Nos. 52 at 7; 39 at 8). During her four years at Lynn University Plaintiff lived in on-campus housing. (Docket Nos. 39 at 8; 52 at 6-7). Plaintiff was considered an out of state student and at no point in time was registered as a Florida resident. Id. at 8, 11. In support, Plaintiff's university transcripts, provided by Defendants, listed her parents' address in Puerto Rico, to which she would return to during vacation. (Docket Nos. 39-2; 52 at 7). All medical records for Plaintiff listed said address as well. (Docket No. 39 at 9). While attending university Plaintiff opened a bank account, which remains her sole bank account till this day. (Docket No. 52 at 7). According to Plaintiff's deposition testimony it was her intention to stay in the United States and not return to Puerto Rico. (Docket Nos. 52 at 7; 52-13 at 14).

After graduation, Plaintiff pursued an internship and a master's program in Florida, which ultimately did not come to fruition. During the summer of 2017, when Plaintiff's plans fell through, she returned to Puerto Rico. (Docket No. 52 at 8-9). Plaintiff continued to search for job opportunities in the mainland United States. (Docket No. 52 at 9). Plaintiff was ultimately employed at Independent Pet Partners in Boston, Massachusetts. Id.

Despite Plaintiff's assertion that she wished to remain in the United States, however, the preponderance of evidence must demonstrate to the Court that she changed her domicile from Puerto Rico to Florida prior to filing the Complaint. Garcia Perez v. Santaella, 364 F.3d 348, 349 (1st Cir. 2004).

## II. Standard of Review

As courts of limited jurisdiction, federal courts must resolve questions related to their subject-matter jurisdiction before addressing the merits of a case. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). If it appears to the Court at any time that it lacks the statutory or constitutional power to adjudicate the case, it must dismiss the action, even in the absence of a challenge from any party. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).

Federal Rule of Civil Procedure 12(b)(1) offers the appropriate mechanism for challenging a court's subject-matter jurisdiction. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). The rule serves as a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Id. at 362-63. A motion to dismiss brought under Rule 12(b)(1) is subject to a similar standard of review as a motion brought pursuant to Rule 12(b)(6). Boada v. Autoridad de Carreteras y Transportación, 680 F. Supp. 2d 382, 384 (D.P.R. 2010) (citing Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994)). The district court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363). However, the Court's inquiry is not necessarily limited to the parties'

pleadings and may include whatever evidence has been presented in the case. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

### III.    Legal Analysis

Plaintiff argues that her domicile was in Florida. (Docket No. 39 at 7), while Defendants contest such. Defendants argue that at the time of filing, as well as all relevant points in time, Plaintiff was domiciled in Puerto Rico. (Docket No. 39 at 2).  Plaintiff, on the other hand, alleges that her physical presence, along with her intent to remain, was sufficient to establish Florida as her domicile. (Docket 52 at 10). Defendants counter that Plaintiff at no point in time established Florida as a new domicile. (Docket No. 39 at 2).

To establish domicile, one must show a (1) physical presence in the state, and (2) the intent to remain there indefinitely or make that place one's home. Alers v. Barceló, 152 F. Supp. 3d 59, 64 (D.P.R. 2016). When determining diversity jurisdiction, domicile is determined at the moment the complaint is filed. Garcia Perez, at 349. "[S]ubsequent events may bear on the sincerity of a professed intention to remain but are not part of the primary calculus." Id. "A person's domicile is the place where [s]he has a true, fixed home and principal establishment, and to which, whenever [s]he is absent has the intention of returning. Once diversity jurisdiction is established, it is not lost by a later change in domicile." Alicea-Rivera v. Sindicato de Aseguradores Para La Suscripcion Conjunta de Seguro De Responsabilidad Medico-Hospitalaria, 12 F. Supp. 2d 243, 244 (D.P.R. 1998); See Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988).  "[A] person may have only one domicile at a time […], until a new one is acquired, the established one continues, and, once acquired, the presumption is that it continues until changed." Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 699 (1st Cir. 1979). When diversity jurisdiction is

**Civil No. 16-1377 (GAG)**

challenged, the party invoking must demonstrate domicile at the time of filing through a preponderance of the evidence. <u>Garcia Perez</u>, 364 F.3d at 349.

> The U.S. Court of Appeals for the First Circuit has stated that the factors relevant to determining a party's intent include the place where civil and political rights are exercised, taxes are paid, real[,] and personal property (such as furniture and automobiles) are located, driver's and other licenses are obtained, bank accounts are maintained, the location of club and church membership, and places of business or employment.

<u>Padilla-Mangual v. Pavia Hosp.</u>, 516 F.3d 29, 30 (1st Cir. 2008); <u>See also</u> <u>Cruz-Martinez v. Hosp. Hermanos Melendez, Inc.</u>, 475 F. Supp. 2d 140, 141 (D.P.R. 2007). "No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature … Courts favor ties that cannot be easily undone over more easily established ties." <u>Garcia Perez</u>, 364 F.3d at 349. The court looks to "the totality of the circumstances." <u>Alers</u>, 152 F. Supp. 3d at 64 (citing <u>Torres-Vazquez</u>, 417 F. Supp. 2d at 234 (D.P.R. 2006)). "While helpful for showing domicile, 'superficial' ties such as bank accounts, drivers' licenses and voter registrations, do not, on their own, establish domicile. Rather, it is more important to examine if the 'bridges to the former domicile [ ] still remain.' <u>Id.</u> at 65 (internal citations omitted).

There is an "established principle that out-of-state college students are not domiciliaries of the state in which they go to school." <u>See</u> <u>Garcia Perez</u>, 364 F.3d at 354 (referencing <u>Alicea-Rivera</u>, 12 F. Supp. at 247). "Although students are physically present in the state where they attend college (for at least the duration of the school year), the intent to remain requirement is often lacking due to uncertain 'postgraduate commitments.'" <u>Jimenez-Franceschini v. Bentley</u>, 867 F. Supp. 2d 276, 280-81 (D.P.R. 2012) (citing <u>Alicea-Rivera</u>, 12 F. Supp. 2d at 246). "[The] common lack of clarity about a college student's future plans" counters the "deliberate investment of time and energy in

5

preparing for living and working indefinitely" required to establish a new domicile. See Jimenez-Franceschini, 867 F. Supp. 2d at 280-81 (citing Garcia Perez, 364 F.3d at 354). This does not bar a student from establishing the state where they attend college as their new domicile. However, this is a high hurdle to pass, a showing of a clear intent to remain in a specific state is necessary. See Id. For example, the Court has found, a student plaintiff who was "a sophomore at the University of Colorado who originally came from New York [, a citizen of the latter]. Despite the fact that she had Colorado bank accounts and a Colorado driver's license, was registered to vote in Colorado, and paid Colorado taxes . . . was a citizen of the state of New York." Alicea-Rivera v. Sindicato de Aseguradores 12 F. Supp. 2d at 247 (citing Everett v. Brief, 1985 U.S. Dist. LEXIS 14251; 1985 WL 3563). "The degree of the college student's financial independence is also a relevant factor, and some courts have held that it is the determinative factor." Jimenez-Franceschini, 867 F. Supp. 2d at 280-81 (citing Mitchell v. Mackey, 915 F. Supp. 388, 391 (M.D. Ga. 1996) (internal citations omitted)).

The Court must evaluate whether the preponderance of the evidence demonstrates that Plaintiff — prior to filing — changed her domicile from Puerto Rico to Florida. See Garcia Perez, at 349. Plaintiff contends that her presence in Florida along with her desire to stay is sufficient to establish a change in domicile. (Docket No. 52). Though she also admits, that at the time of the complaint, Plaintiff had never worked in Florida, nor did she have concrete plans to work or study in Florida after graduation. Id. at 8. Plaintiff does acknowledge that "a student must evidence a post-graduate commitment to remain in the school state to rebut the presumption" Id. at 5 (citing Nytes v. Trustify, Inc., 297 F. Supp. 3d 191, 199 (D.D.C. 2018))(internal citations omitted). However, Plaintiff has failed to demonstrate such a post-graduate commitment was present at the time of filing the complaint. Additionally, as Plaintiff herself admits she "decided many years

ago… [that] she did not want to live in Puerto Rico." Id. Plaintiff's desire to leave Puerto Rico does not amount to *specific intent* to stay indefinitely in Florida. Furthermore, all her substantial ties and bridges to Puerto Rico remained. See Alers, 152 F. Supp. 3d at 64. Her driver's license was from Puerto Rico, she was financially supported by her parents in Puerto Rico, her official school documents listed her address in Puerto Rico, as did all her medical records, she was considered an out of state student, and she would return to Puerto Rico while school was not in session. (Docket No. 59 at 7-9). Plaintiff argues that "defendant relies on the fact that at the time the complaint was filed, plaintiff [was] in Florida because she was studying and did not perform some acts that case law has established could be considered to determine domicile." (Docket No. 52 at 1). The issue, however, is not that Plaintiff did not perform *some* of the acts that could be considered to determine domicile, but rather that Plaintiff performed *one* act[1] that could suggest a change of domicile.

Plaintiff has not sufficiently demonstrated through the facts the specific intent to remain in the state of *Florida*, as required under case law. See Jimenez-Franceschini, 867 F. Supp. 2d at 280-281. She also did not demonstrate through the preponderance of the evidence a change in domicile prior to filing the Complaint, as all substantial ties remained in Puerto Rico. See Alers, 152 F. Supp at 64. Thus, the Court must follow the presumption that her original domicile of Puerto Rico continued. See Alicea-Rivera, 12 F. Supp. 2d at 244. The facts simply fail to demonstrate that Plaintiff had at any point, up to the instance of filing, changed her domicile from Puerto Rico to Florida. An out of state student who at no time was registered as "in-state," with no concrete plans to remain after graduation, who has never requested state residence or a driver's license, was never

---

[1] The opening of a bank account in Florida. (Docket No. 52 at 7)

7

employed, and never changed her address to an in-state one, has not, pursuant to case law, demonstrated a change in domicile. The assumption remains that Plaintiff maintained her original domicile of Puerto Rico. Even taking Plaintiff's sworn statements as true, she fails to demonstrate any change in domicile. Consequentially, the Court finds that Plaintiff was domiciled in Puerto Rico at the time of filing the Complaint. Thus, diversity jurisdiction does not exist.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) (Docket No. 39) is **GRANTED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 24th day of January 2019.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge